CHARLES H. PETSCH *vs.* EDWARD H. BIGGS.

January 14, 1884.

**Tenancy from Month to Month—Notice to Quit.**—Where, in a tenancy from month to month, the month commences on the first day, a notice served a month before the day named in it, requiring the tenant to quit on the last day of the month, is sufficient.

**Unlawful Detainer—Municipal Court of St. Paul.**—The municipal court of St. Paul has the same power and jurisdiction in proceedings under Gen. St. 1878, c. 84, as a justice of the peace, and the mode of proceeding must be the same.

**Same—Equitable Defence.**—In such proceedings, matters requiring affirmative equitable relief in order to constitute a defence are not proper in the answer, for the justice cannot try such matters; the defendant must go to the district court for such relief. The insertion of such matters in the answer is no ground for certifying the case to the district court. And it is the same in the municipal court.

**Same—Agreement for Lease as a Defence.**—An agreement for leasing, void under the statute of frauds, though there have been part-performance by the tenant, is, without a decree of a competent court enforcing it, no defence in proceedings under chapter 84.

Appeal by defendant from an order of the municipal court of St. Paul, refusing a new trial.

*James B. Beals* and *Walsh & Goforth,* for appellant.

*O'Brien & Wilson,* for respondent.

GILFILLAN, C. J. Action commenced before the municipal court of St. Paul, under Gen. St. 1878, *c.* 84, § 11. The complaint alleges that on or about September 1, 1881, plaintiff, by verbal lease, rented the premises from month to month from that day to defendant, who on that day entered into possession pursuant to the terms of the lease; that March 28, 1883, plaintiff notified defendant in writing to quit April 30, 1883, but that he still unlawfully retains possession. The answer has a general denial, except as therein admitted or qualified, and then alleges that in August, 1881, the parties entered into a contract for the leasing of the premises by plaintiff to defendant for the term of three years from and after September 1, 1881, specifying the terms,—the plaintiff to prepare for execution a written lease; that by virtue thereof defendant thereupon entered and still holds possession; that in part-performance thereof, defendant expended large sums in improving and repairing the premises; that he is ready and willing to execute, but plaintiff has at all times neglected and refused to prepare for execution, such a lease as the contract required. There is another defence set up, but, as it appears nowhere except in the answer, we make no further reference to it. The answer prays that the cause be certified to the district court; that plaintiff be adjudged to execute a lease, or that the judgment be so framed as to stand as a lease; and that plaintiff be enjoined from disturbing him in the possession. Before filing the answer, defendant made a motion to dismiss for insufficiency of the complaint, the defect alleged being in the notice to quit set up. This was denied, and was renewed and denied on the trial. On filing the answer, defendant made a motion that the cause be certified to the district court, on the ground that an equitable defence and ground for equitable relief, not cognizable before a justice of the peace, was interposed. The motion was denied, and was renewed and denied on the trial, after it appeared that the contract for leasing alleged in the answer was oral.

The objection to the notice to quit is that it requires the defendant to quit on the last day of the month, instead of on the first day of the following month. But the tenancy commenced on the first day of the month; the parties so understood it; for, according to both the complaint and evidence, defendant went into possession on the

first.  Each month of the renting commenced on the first and terminated on the last day of the month.  And a notice served in time, requiring the tenant to quit on the day when the month terminated, (he having the whole of that day to comply with it,) was proper.

The proposition that the court below ought, on the filing of the answer, to have certified the cause to the district court, requires a onstruction of portions of the act creating the municipal court. Gen. St. 1878, c. 64, §§ 81–108.  Section 82, which defines and limits the jurisdiction of that court in ordinary actions, contemplates, and so authorizes, the pleading by defendants of equitable defences and grounds for equitable relief not cognizable before a justice of the peace, and provides what shall be done in such case—to wit, that the cause shall be certified to the district court.  The jurisdiction of that court, however, over cases like this is not derived from that section, but from section 87, which provides that "it shall have all the powers and jurisdiction conferred on justices of the peace by chapter eighty-four, General Statutes, and the proceedings shall be the same as therein provided, except that no appeal shall be allowed except to the supreme court."  So that, to ascertain the bounds of its jurisdiction in such cases, and the mode of proceeding therein,—what may and what may not be done,—we look, not to the provisions of the act conferring on it jurisdiction generally, and prescribing how it shall be exercised, but to chapter 84, (the chapter referred to,) for the extent of the jurisdiction and the mode of procedure; and, looking to chapter 84, we find no provision for certifying a case to the district court.  From which it is evident that the legislature did not intend there should be interposed as a defence in the proceedings regulated by that chapter, summary in their nature and affecting only the plaintiff's present right to have possession, matters which, either for constitutional reasons or because of its inability to afford the proper relief, a justice's court cannot try.

A custom to plead defences calling title in question, and to certify the case as soon as it appeared from the evidence that the title was involved, grew up at an early day, and became established to such an extent and for so long a time that it was finally sanctioned by this court, not because it was expressly warranted by the statute,

but because it had been so long in use as to be a practical construction of it, too well established to be disturbed. *Ferguson* v. *Kumler,* 25 Minn. 183; *Steele* v. *Bond,* 28 Minn. 267. But there is no such custom as to other matters which a justice cannot try. What may be alleged in defence appears from section 18 of chapter 84: "All matters in excuse, justification, or avoidance of the allegations in the complaint shall be set up in the answer." This must be understood to refer to matters which *per se* constitute an excuse, justification, or avoidance, which of themselves, and without affirmative aid from a court, entitle the defendant to retain the present possession, and not to include those matters upon which a proper court might afford the defendant affirmative relief, and which go to his right of possession only after such relief has been granted. It was undoubtedly intended to confer on justices' courts authority to try and determine all matter in excuse, justification, or avoidance thus authorized to be set up. But, as said in *Steele* v. *Bond, supra,* 272: "It cannot, however, reasonably be construed to confer upon justices of the peace the power or jurisdiction to try a case where affirmative equitable relief is sought by the answer and is necessary to the defence, because justices' courts are not appropriate tribunals for the administration of equity jurisprudence, and the course of proceedings therein is not adapted to administer equitable relief." Where, upon the matters set up in the answer, affirmative equitable relief is necessary to the defence, they constitute a counter-claim or counter-cause of action which it was not intended should be tried by a justice of the peace, and consequently not intended (there being no provision for removal) should be set up. To get relief upon such matters, the defendant must apply to the district court, and, if essential to the justice of the case, that court may, by injunction pending his action, protect him against the proceeding before the justice.

The agreement to lease for three years set up in the answer, with the part-performance alleged, might be ground for a proper court to enforce the execution of a lease, and from that time to give defendant a defence to this action. But until such relief, the agreement being void, those matters do not give defendant the right to the possession after due notice to quit. They are not *per se* an "excuse,

justification, or avoidance." But instead of seeking relief in this proceeding before a court incompetent to grant it, he should have applied to the district court.

On the evidence there was really nothing to try. The court might have directed a verdict for plaintiff, and, as the verdict is what ought to be, it is unnecessary to look over the charge to see whether it was correct.

Judgment affirmed.