GALE *v.* ECKHART.

| 107 | 465 |
| d118 | 664 |
| 119 | 221 |

1. SUMMARY PROCEEDINGS—EVIDENCE.

   In summary proceedings to recover the possession of land, a deed purporting to convey the premises in question to the complainant is admissible to show his right of possession.

2. SAME—FRAUD—TITLE TO LANDS.

   The question of fraud in the procurement of a deed is triable in a court of equity only, and cannot, therefore, be raised in summary proceedings, to oust the commissioner of jurisdiction.

Error to Clinton; Daboll, J. Submitted December 5, 1895. Decided December 17, 1895.

Summary proceedings by Maritta A. Gale against Charles Eckhart and another to recover the possession of land. From a judgment for defendants, complainant brings error. Reversed.

*Fedewa & Walbridge (S. F. Smith,* of counsel), for appellant.

*Lyon & Dooling,* for appellees.

MCGRATH, C. J. On October 30, 1893, defendants executed and delivered to plaintiff a deed of certain farm lands. The deed contained the following: "Parties of the first part reserve the use of said described lands until April 1, 1894." After said date, defendants refused to vacate, and summary proceedings were commenced before a circuit court commissioner to oust them. To show her right to possession, plaintiff produced her deed. The defense was that plaintiff procured the deed by fraudulent misrepresentations. The commissioner found defendants guilty. On appeal to the circuit, defendants were permitted to go into the alleged defense fully, and

the jury found for plaintiff. The court, however, after-wards set aside that verdict, upon the ground that a question of title was involved, and dismissed the complaint, and plaintiff appeals.

The rule must be regarded as settled in this State that the question of fraud in the procurement of a deed is properly triable in a court of equity only. *Paldi* v. *Paldi*, 95 Mich. 410; *Moran* v. *Moran*, 106 Mich. 8. The defense here made would not be available in ejectment, and could not be invoked to oust the commissioner of jurisdiction.

Plaintiff's deed was admissible for the purpose for which offered, viz., to show plaintiff's right of possession. *Vos* v. *Dykema*, 26 Mich. 399; *Bennett* v. *Robinson*, 27 Mich. 26; *Gage* v. *Sanborn*, 106 Mich. 269.

The judgment is reversed, and judgment entered here for plaintiff, with costs of all the courts.

Long, Grant, and Hooker, JJ., concurred. Montgomery, J., did not sit.