## JOHN E. ANDRUS v. DYCKMAN HOTEL COMPANY.[1]

### July 17, 1914.

### Nos. 18,358—(51).

**Forcible entry and unlawful detainer — jurisdiction of municipal court.**
1. The municipal court of the city of Minneapolis has jurisdiction of an action to recover possession of leased premises for nonpayment of rent brought under the unlawful detainer statute, and is not ousted of such jurisdiction by the fact that the unpaid rent amounts to a larger sum than can be recovered in such court.

**Same — controversy over title.**
2. The evidence must show that the title to the property is in controversy before such action can be certified to the district court, and the evidence in this case fails to show such controversy.

**Judgment of district court conclusive as to amount due.**
3. The judgment of the district court conclusively determined that the amount of rent therein stated was due and unpaid, and the court properly excluded all evidence offered for the purpose of showing that the amount so determined was not due and unpaid.

[1] Reported in 148 N. W. 565.

Action in the municipal court of Minneapolis. The case was tried before Charles L. Smith, J., who denied defendant's motion to transfer the case to the district court because a question of title was involved, and a jury which returned a verdict in favor of plaintiff. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Mercer, Swan & Stinchfield,* for appellant.

*Fiske & Cross,* for respondent.

TAYLOR, C.

This action was brought in the municipal court of the city of Minneapolis under the unlawful detainer statute to recover possession of the Dyckman Hotel for nonpayment of rent. Judgment was rendered awarding possession to plaintiff and defendant appealed.

Defendant insists that the action involved the title to real estate and should have been certified to the district court for that reason. The parties were landlord and tenant. The evidence does not establish a controversy as to the title and the rule invoked does not apply. Radley v. O'Leary, 36 Minn. 173, 30 N. W. 457; 2 Dunnell, Minn. Dig. §§ 5299, 5448, 5449.

Defendant also insists that the amount in controversy exceeded $500 and was beyond the jurisdiction of the municipal court. The unpaid rent far exceeded that sum, but this is an action for the restitution of the premises, not to recover the rent, and neither the amount of the rent nor the value of the property were issues in the case.

At the trial defendant's attorney sought to compel plaintiff to produce a contract between himself and a third party for the purpose of being offered in evidence. He also sought to compel such third party to produce his duplicate of the same contract. The court ruled that these contracts need not be produced and defendant assigns such ruling as error. The facts which the defendant claimed the contracts tended to prove were entirely immaterial and the ruling was correct.

Defendant sought to prove that plaintiff had made a contract with a third party to sell to such third party a large amount of

defendant's personal property upon which plaintiff had a lien, and contended that the amount to be paid under such contract should have been applied upon plaintiff's claim against defendant for rent. The evidence offered to support this contention was properly excluded. No attempt had ever been made to foreclose or enforce the lien, and no sale under it had ever been consummated. Defendant remained in undisturbed possession of the property and its rights thereto had not been interfered with in any way. The evidence proffered did not establish any valid sale or any impairment of defendant's title to the property. If defendant possessed any equitable rights growing out of the contract, they must be enforced in some other action. Such rights cannot be presented or considered in actions under the unlawful detainer statute. Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101; Norton v. Beckman, 53 Minn. 456, 55 N. W. 603; Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039. Furthermore after defendant's rights under such contract, if any, had accrued, the controversy as to the amount of rent due and unpaid was litigated and determined in the district court, and a judgment for the balance due has been rendered by that court. Such judgment is conclusive evidence, in this action, that the amount of rent for which it was rendered was due and payable at the time it was rendered. It is conceded that this judgment has never been satisfied, and defendant cannot impeach it by showing in this action that the district court failed to allow all the credits to which defendant was entitled. McClung v. Condit, 27 Minn. 45, 6 N. W. 399; Thompson v. Myrick, 24 Minn. 4; Northern Trust Co. v. Crystal Lake Cemetery Assn. 67 Minn. 131, 69 N. W. 708; Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364.

Judgment affirmed.