## OLAVES OLSON v. HELEN LICHTEN.[1]

January 31, 1936.

No. 30,752.

*E. Luther Melin,* for appellant.
*E. C. Carney,* for respondent.

PER CURIAM.

In an action of unlawful detainer brought in the municipal court of the city of Minneapolis the defendant's answer pleaded as *res judicata* the finding of not guilty by the court in a prior action between the same parties and for the same cause as here. There was a trial. The decision recites:

"After hearing the allegations and evidence on behalf of the plaintiff, and having considered the same, the court finds that the facts as alleged in the complaint in said action are true; that the said defendant is guilty as alleged therein; that the said plaintiff is entitled to have restitution of the premises described in said complaint without delay and to judgment as prayed for in the complaint. Let judgment be entered accordingly."

On the day thereafter, September 4, 1935, judgment was entered, and defendant appeals. The only error assigned is: "The trial

[1]Reported in 265 N. W. 25.

court erred in overruling defendant-appellant's plea, of a former adjudication as a bar and estoppel in the instant action involving the same issues, the same subject-matter and the same parties."

There is no settled case or bill of exceptions. Subsequent to the entry of the judgment, defendant made 'a motion to vacate the decision, and in support of the motion defendant's attorney made an affidavit stating certain facts with respect to the trial and what appears from the files in the prior action, pleaded in the answer. It is enough to say that such an affidavit cannot take the place of a settled case or bill of exceptions. In the absence thereof, there is no showing that either the findings or the judgment in the prior action was offered in evidence. Indeed, the motion subsequent to the judgment herein, above referred to, negatives that any such offer was made, for it states: "and in the event such [vacation of the decision] is denied then to revise the order and the minutes to indicate that defendant entered a plea of res adjudicata, that there was no evidence taken, that the plea of res adjudicata was denied, and plaintiff given judgment by default and not otherwise." The judgment is fair on its face, and there is nothing preceding its entry which can be invoked to reverse it or to sustain defendant's assignment of error.

As far as concerns the motion made subsequent to the entry of the judgment, if it means anything at all, it was in the nature of a motion for a new trial or a motion for judgment in favor of defendant notwithstanding the decision for plaintiff. In forcible entry and unlawful detainer cases the municipal court of Minneapolis has no power to entertain such motions. Lilienthal v. Tordoff, 154 Minn. 225, 191 N. W. 823, 194 N. W. 722; Clark v. Dye, 158 Minn. 217, 197 N. W. 209.

The judgment is affirmed.