# AL DAHLBERG v. ADELYN E. YOUNG AND OTHERS.[1]

April 28, 1950.

No. 35,050.

*Ralph H. Lee,* for appellants.

*Russell & Fischer,* for respondent.

---

[1] Reported in 42 N. W. (2d) 570.

MATSON, JUSTICE.

Appeal in unlawful detainer proceedings from a Minneapolis municipal court judgment granting plaintiff immediate restitution and possession of certain premises. Plaintiff moves to dismiss the appeal.

The property, a home and lot in Minneapolis, was originally owned by William S. Hansen, who died in 1932. Decedent was survived by his widow, Gena Hansen, and two daughters, defendants Adelyn E. Young and Doris M. Bergman. Plaintiff in 1937 married Gena Hansen and with her occupied the property until Gena's death on April 19, 1949. Plaintiff requested the two daughters, who were then out of the city, to return for the funeral. Upon their return, they, with the husband of one of them, the defendant H. Patrick Bergman, moved in with plaintiff upon said premises. After an argument, plaintiff, on or about May 17, 1949, moved out. Thereafter he brought this unlawful detainer action and as a basis for his right to immediate possession introduced in evidence a quitclaim deed, dated January 13, 1944, running from the two daughters to plaintiff and Gena, husband and wife, as joint tenants. Defendants, although admitting the signatures on the deed to be genuine, made an offer of proof to show that the deed was procured by fraud.[2] Plaintiff's objection to such offer of proof was sustained. Defendants took no exception to the ruling of the court.

Two issues arise:

(1) Is it necessary *in an unlawful detainer action* in the Minneapolis municipal court to take an exception to the court's ruling upon the admission of evidence in order to present the question for review upon appeal?

(2) May a defendant under his plea of not guilty in an unlawful detainer action tried before the Minneapolis municipal court intro-

---

[2] We have only one assignment of error, and that is directed to the issue of fraud. We are therefore not concerned with defendants' further offer of proof to show that the deed was given without consideration and that it was improperly executed.

duce evidence of fraud in the procurement of the deed upon which plaintiff relies to establish his right of possession?

 We come to the first issue upon which plaintiff bases a motion for a dismissal of the appeal. Since the enactment of L. 1945, c. 282, § 1 (M. S. A. 547.03, subd. 2), which provides:

"In the trial of any civil or criminal case any adverse ruling, order, decision or instruction of the court on a matter of law shall be deemed excepted to *for all purposes of this chapter.*" (Italics supplied.),

the necessity for taking an express exception to "any adverse ruling, order, decision or instruction of the court on a matter of law" has been wholly eliminated.[3] Of course, an exception *may* be used as a means of directing the trial court's attention to an alleged error, but such purpose may also be accomplished by an adequate objection, an explicit offer of proof, or by some other means which seasonably and unmistakably directs the court's attention to the alleged error. Plaintiff directs our attention to the statutory words, "for all purposes of this chapter," and points out that M. S. A. c. 547 is limited to one subject, namely, "New Trials." He contends, therefore, that this statute by its express wording has no application to unlawful detainer actions in the Minneapolis municipal court, in that said court may not grant a new trial in unlawful detainer proceedings.[4] Although a new trial may not be granted in an unlawful detainer action, such court has the general power to grant new trials.

The statutory procedure formulated for district courts by § 547.03, subd. 2, is applicable to the Minneapolis municipal court by virtue of 27 M. S. A. c. 488, Appendix 1, which provides in part as follows:

---

[3]Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862; Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912.

[4]See, Lilienthal v. Tordoff, 154 Minn. 225, 191 N. W. 823, 194 N. W. 722; Clark v. Dye, 158 Minn. 217, 197 N. W. 209; Olson v. Lichten, 196 Minn. 352, 265 N. W. 25.

"Sec. 2. * * * Said Court shall be a court of record * * * and shall have jurisdiction to hear, try and determine civil actions at law, * * *.

* * * * *

"Where no provision is otherwise made in this act, said Municipal Court is vested with all the powers which are possessed by the District Courts of the State, and *all laws of a general nature apply to said Municipal Court, so far as the same can be made applicable, and not inconsistent with the provisions of this act,* * * *.

* * * * *

"Sec. 6. * * * And it shall have and possess all the powers usually possessed by courts of record at common law, *subject to the modifications of the statutes of this state applicable to courts of record,* * * *.

* * * * *

"Sec. 14. * * *

"And all causes may be removed from said municipal court to the supreme court of the state of Minnesota in the same manner, and upon like proceedings, and with like effect, as from district court.

"Provided, however, that when a motion for a new trial is made upon the minutes of the judge or upon the minutes of the stenographic reporter, * * *." (Italics supplied.)

■ Pursuant to these statutory provisions, the municipal court of Minneapolis, a court of record with a special and limited jurisdiction, is vested, *except as otherwise expressly provided,* with all the powers and is subject to the general statutory procedural regulations which pertain to the district courts of the state. See, Templeton v. Van Dyke, 169 Minn. 188, 210 N. W. 874; Brackett v. Rich, 23 Minn. 485, 23 Am. R. 703. Although such court has the power generally to grant new trials, that power, however, is withheld in the limited field of unlawful detainer actions, in that the statute regulating cases of this character was designed to effect a summary and speedy determination of the right to present possession and does not contemplate a motion for a new trial which

might result in delay.[5] It cannot be said that when the legislature so limited the court's power in forcible entry and unlawful detainer actions, by making it subject to §§ 566.01 to 566.16,[6] that it so reduced the municipal court to the rank of a justice court that it lost all its attributes as a municipal court in unlawful detainer proceedings. Clark v. Dye, 158 Minn. 217, 197 N. W. 209. Does it follow, however, in respect to these cases that such court is subject to the common-law procedure which requires the taking of an exception to its rulings although in all other matters § 547.03, subd. 2, is applicable? To do so would be to attribute to the legislature an intent to create an absurd and chaotic result. Such construction is wholly untenable. § 645.17. The mere fact that the power to grant a new trial is withheld for the sole purpose of providing a summary remedy in the determination of the right to present possession provides no basis for holding that § 547.03, subd. 2, was then intended to have no effect. The application of a statute is to be determined in the light of the statutory purpose as a whole. Obviously, § 547.03 was intended to provide a uniform simplified procedure applicable to court proceedings generally. A construction which would make it inapplicable to certain types of actions would wholly defeat the objective of procedural uniformity. We find no merit in the motion to dismiss this appeal on the ground that no express exception was taken to the ruling of the trial court.

■ Did the trial court err in excluding evidence of fraud in the procurement of a deed upon which plaintiff based his right to immediate possession? 27 M. S. A. c. 488, Appendix 1, provides:

"Sec. 2. * * * Said Court shall be a court of record * * * and shall have jurisdiction to hear, try and determine civil actions at law, where the amount in controversy does not exceed the sum of one thousand dollars, excepting causes involving title to real estate. *Provided, however, that said Court shall have jurisdiction*

---

[5] See, footnote 4.

[6] See, 27 M. S. A. c. 488, Appendix 1, § 14.

*of action of forcible entry and unlawful detainer whether involving the title to real estate or not.*

\* \* \* \* \*

"It shall not have jurisdiction of actions for divorce, nor of any action where the relief asked for in the complaint is purely equitable in its nature.

\* \* \* \* \*

"Sec. 14. \* \* \*

"And said municipal court shall have jurisdiction of action of forcible entries and unlawful detainers *whether involving the title to real estate or not* \* \* \* and chapter 76 of the Revised Laws of 1905,[7] relative to the forcible entries and unlawful detainers, shall apply to said municipal court, \* \* \*." (Italics supplied.)

The italicized portions first appeared when the municipal court act for Minneapolis, as embodied in Sp. L. 1889, c. 34, was amended by L. 1917, c. 407. Prior to the 1917 amendment, which added the significant phrase, "whether involving the title to real estate or not," the Minneapolis municipal court did not have jurisdiction in an unlawful detainer action:

(1) To determine a controversy with respect to the title. If a determination of such controversy was essential to an adjudication of the right of present possession, the case was certified to the district court. See, Andrus v. Dyckman Hotel Co. 126 Minn. 406, 148 N. W. 565; Radley v. O'Leary, 36 Minn. 173, 30 N. W. 457; 4 Dunnell, Dig. & Supp. §§ 5299, 5448, 5449; M. S. A. 531.28.

(2) To grant either plaintiff or defendant affirmative equitable relief. Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039. In Norton v. Beckman, 53 Minn. 456, 55 N. W. 603, we held that an equitable matter which requires affirmative relief to make it a defense per se cannot be interposed in unlawful detainer proceedings. See, Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101. It should be noted that when the Norton case was decided (1893) the Minneapolis municipal court act contained an express restriction upon the exercise of equitable

---

[7] Now incorporated in M. S. A. 566.01 to 566.16.

power which was identical with that found in the present act. Cf. Sp. L. 1889, c. 34, § 2, and 27 M. S. A. c. 488, Appendix 1, § 2.

Subsequent to the 1917 amendment, we have had occasion to consider whether the Minneapolis municipal court, in an unlawful detainer action where the title to real estate was involved, might entertain a defense which had no standing per se but required affirmative equitable relief for its implementation. In William Weisman Realty Co. v. Cohen (1923) 157 Minn. 161, 195 N. W. 898, we held that the trial court should have entertained the defense asserted by defendant, because it was legal in its nature *and did not involve an exercise of affirmative equitable relief.* Also, see, William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732 (dicta) ; Nellas v. Carline, 161 Minn. 157, 201 N. W. 299; Clark v. Dye, 158 Minn. 217, 197 N. W. 209.

Furthermore, a direct examination of L. 1917, c. 407, §§ 2 and 14, indicates that the legislature, in amending Sp. L. 1889, c. 34, §§ 2 and 14, had no intention to confer upon the municipal court the power to exercise affirmative equitable relief in unlawful detainer actions. The obvious purpose was merely to extend the court's jurisdiction in this type of action to cases involving disputes as to the title, which disputes, however, did not require an exercise of purely equitable relief for their determination. The specific restriction upon the exercise of equitable jurisdiction is found in the same paragraph (Sp. L. 1889, c. 34, § 2), and if the legislature had intended a change in that restriction with regard to unlawful detainers, no doubt it would have used express language to accomplish that purpose. It is also significant that the amending phraseology actually used is stated in the form of a proviso.

"The natural and appropriate office of a proviso is to modify the operation of that part of the statute *immediately preceding the proviso, or to restrain or qualify the generality of the language that it follows.* Indeed, the presumption is that a proviso in a statute refers only to the provision to which it is attached, and, as a general rule, a proviso is deemed to apply only to the immediately preceding clause or provision. *It should be confined to what pre-*

*cedes, unless it is clear that it was intended to apply to subsequent matter."* (Italics supplied.) 50 Am. Jur., Statutes, § 438.

Defendants cite Henschke v. Young, 226 Minn. 339, 32 N. W. (2d) 854, in support of their contention that the trial court erred in excluding evidence of fraud in the procurement of plaintiff's deed. In the Henschke case, two deeds, absolute on their face, were held in fact to be mortgages. In other words, an exercise of affirmative equitable relief was not involved. No decision is authoritative beyond the scope of its controlling facts. In a similar case, Nellas v. Carline, 161 Minn. 157, 160, 201 N. W. 299, 300, we said:

"In an action at law, a deed absolute, on its face, may be shown to be in fact a mortgage without bringing a bill in equity to have it so declared."

Confusion in distinguishing between defenses which are adequate per se and those which can be made effective only through an exercise of affirmative equitable relief stems in part from a failure to distinguish between instruments which are *void* and those which are merely *voidable*. A note may be void by reason of usury. See, Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185. A deed which is procured through fraud or undue influence is not *void* but only *voidable*. A voidable deed conveys the fee to the grantee and remains in force as a valid instrument of defeasance until such time, if ever, as it is set aside by an appropriate exercise of affirmative relief in equity.[8]

Although the Minneapolis municipal court has jurisdiction over actions of forcible entry and unlawful detainer, *whether involving title to real estate or not,* such jurisdiction does not embrace the power to entertain or consider a defense which is insufficient per

---

[8]See, Gale v. Eckhart, 107 Mich. 465, 65 N. W. 274; Cochran Timber Co. v. Fisher, 190 Mich. 478, 157 N. W. 282, 4 A. L. R. 9; Gibson v. Gibson, 205 Iowa 1285, 217 N. W. 852; Riedi v. Heinzl, 240 Wis. 297, 3 N. W. (2d) 366; Sailer v. Mercer County, 75 N. D. 123, 26 N. W. (2d) 137; Logue v. Von Almen, 379 Ill. 208, 40 N. E. (2d) 73, 140 A. L. R. 251; 26 C. J. S., Deeds, §§ 68, 69; 16 Am. Jur., Deeds, §§ 23-25, 31.

se and which can be asserted only with the aid of affirmative equitable relief. It does not follow, however, that defendants are without a remedy. Their right to affirmative equitable relief may be asserted elsewhere. An unlawful detainer action merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties. It is not a bar to an action involving the title.

We find no error. The judgment of the trial court is affirmed. Affirmed.