E. JAMES GALLAGHER v. MR. AND MRS. ARTHUR R. MOFFET.[1]

March 9, 1951.

No. 35,159.

[1]Reported in 46 N. W. (2d) 792.

*Carl F. Granrud* and *Arthur C. Wangaard,* for appellants.
*Henry Levine* and *Samuel D. Finkelstein,* for respondent.

Matson, Justice.

Appeal in an unlawful detainer action from a Minneapolis municipal court judgment granting plaintiff immediate restitution and possession of certain premises.

The findings of the trial court—*which have not been challenged by any assignment of error*—show that the property, a house and lot in Minneapolis, was on May 28, 1947, purchased by George F. Timke, plaintiff's immediate grantor. At the time of the purchase, said Timke and defendants entered into an oral agreement whereby defendants were to furnish him with board and care in accordance with his needs as he should request, Timke was to allow defendants the joint use of the premises, and upon Timke's death all of his then property would go to defendants. Pursuant to this oral agreement, Timke and defendants entered into the premises, and ever since defendants have been and now are in occupancy thereof. Sometime subsequent to May 28, 1947, Timke became dissatisfied with the care and board furnished by defendants and became annoyed by the frequent requests of defendants to place the premises in question in joint tenancy with them. During the month of February 1949 Timke left the premises. Shortly thereafter, he notified defendants that their afore-mentioned agreement was terminated and that their right to occupancy was also terminated, unless they desired to retain the premises as tenants at a monthly rental of $80 commencing April 1, 1949. Defendants refused to accept the rental proposal and remained in occupancy under the claim that the oral contract provided that they should have the use of said premises during Timke's life.

On March 18, 1949, Timke sold the premises to plaintiff, who ever since has been the owner thereof in fee, subject to the rights of defendants in the property, if any they have. As a defense to plaintiff's unlawful detainer action, defendants assert that pursuant to

the oral agreement they entered into possession of the premises; that they have faithfully performed their part thereunder by rendering services of a nature not compensable in money; that they stand ready and willing to perform such services in the future; and that they have no adequate remedy at law.

As conclusions of law, based upon the above facts the trial court held: (1) That the oral agreement is void under M. S. A. 513.05; (2) that the defense based upon such oral agreement is not available to defendants in the Minneapolis municipal court in that it does not have jurisdiction to grant affirmative equitable relief by way of specific performance; (3) that defendants are wrongfully and unlawfully detaining possession from plaintiff; and (4) that plaintiff is entitled to a judgment for the immediate restitution and possession of the premises. Defendants appeal from the judgment entered for plaintiff.

Defendants' assignments of errors are directed exclusively to the trial court's conclusions of law and do not challenge its findings of fact. No issue, therefore, arises as to whether the evidence sustains the factual finding that plaintiff, at all times pertinent herein, has been and now is the owner in fee of the premises, subject to such rights as defendants may have, if any, in the premises. Therefore, the only issue is: May the defendants in an unlawful detainer action in the Minneapolis municipal court assert as a defense that they are entitled to continued possession of the premises by virtue of the terms of an oral agreement?

The oral agreement has no standing in a court of law, in that pursuant to § 513.05 any contract for the sale of any lands, or any interest in lands, shall be void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and is subscribed by the party by whom the sale is to be made. Only by part performance may such agreement, pursuant to § 513.06, be taken out of the statute of frauds and given force and effect between the parties, and then only by means of specific performance granted in a court of equity. Without specific performance, the oral agreement is wholly ineffective as an equitable defense or for any other

purpose. In other words, without specific performance, the oral agreement has no defense value per se. Clearly, specific performance involves the exercise of the power of granting affirmative equitable relief. Although the Minneapolis municipal court has jurisdiction over actions of forcible entry and unlawful detainer, *whether involving title to real estate or not,* such jurisdiction does not embrace the power to entertain or consider a defense which is insufficient per se and which can be asserted only with the aid of affirmative equitable relief. Dahlberg v. Young, 231 Minn. 60, 42 N. W. (2d) 570, and cases therein cited. Although such municipal court is powerless to grant defendants affirmative equitable relief, their right thereto is not lost, but may be asserted in the district court. See, Colby v. Street, 146 Minn. 290, 178 N. W. 599. An unlawful detainer action merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties. It is not a bar to an action involving the title. Dahlberg v. Young, *supra.*

The judgment of the trial court is affirmed.

Affirmed.