*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1185**

Federal Home Loan Mortgage Corporation,
Respondent,

vs.

Paul V. Pope,
Appellant,

Gretchen A. Pope, et al.,
Defendants.

**Filed March 30, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-HC-11-5652

David R. Mortensen, Greta L. Burgett, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

William Bernard Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges an eviction judgment, arguing that (1) respondent lacks standing, (2) fact questions about the underlying mortgage foreclosure procedure

preclude summary judgment, and (3) he was entitled to an unconditional stay of the eviction pending appeal. We affirm.

## FACTS

In July 2007, appellant Paul Pope executed a mortgage against a Minneapolis property in favor of Wells Fargo Bank. Pope defaulted in 2010, and Wells Fargo commenced foreclosure proceedings by advertisement. Wells Fargo purchased the property at the sheriff's sale in February 2011, and obtained the sheriff's certificate, which it recorded with the county. Pope did not redeem, and Wells Fargo subsequently deeded the property to respondent Federal Home Loan Mortgage Corporation (Freddie Mac) in August 2011. Freddie Mac began an eviction action against Pope later that month.

Prior to the eviction action, Pope filed a complaint in Hennepin County District Court challenging various aspects of the foreclosure process. Wells Fargo, a defendant in that action, removed the case to federal court. The eviction proceeding was stayed in September 2011. In May 2012, the federal action was dismissed with prejudice.

Pope commenced a separate quiet-title action against Wells Fargo and Freddie Mac in Hennepin County District Court in late 2012. That matter was also removed to federal court and dismissed with prejudice in May 2013.

In July 2014, the district court lifted the stay of this eviction proceeding and granted Freddie Mac's motion for summary judgment. Pope appealed, and asked the district court to stay the eviction during this appeal. The district court granted the

request, conditioned on Pope posting a supersedeas bond in the amount of $1,834.38 per month. Pope did not post a bond.

**D E C I S I O N**

**I.    Freddie Mac has standing to bring this eviction action.**

Whether a party has standing is a question of law, which we review de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012). "Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). A party may acquire standing by suffering an injury-in-fact or being the beneficiary of a legislative act that grants standing. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). "An injury-in-fact is a concrete and particularized invasion of a legally protected interest." *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 624 (Minn. 2007).

Pope argues that due to irregularities in the foreclosure sale, Wells Fargo's subsequent conveyance of title to Freddie Mac is invalid, and because Freddie Mac does not have valid title, it has not suffered an injury-in-fact. This argument is without merit.

It is undisputed that Wells Fargo purchased the foreclosed property at the sheriff's sale and recorded the sheriff's certificate of sale. When a sheriff's certificate is recorded, "upon expiration of the time for redemption, the certificate shall operate as a conveyance to the purchaser . . . of all the right, title, and interest" in the foreclosed property. Minn. Stat. § 580.12 (2014). Accordingly, when the redemption period expired, Wells Fargo had title to the property. *See id.* Wells Fargo subsequently conveyed its interest in the

3

foreclosed property by deed to Freddie Mac. Freddie Mac recorded the deed, at which point it became the owner of the property. As owner, Freddie Mac has a right to possess the property and Pope invaded this legally protected interest when he did not allow Freddie Mac to take possession. Because Freddie Mac has suffered an injury-in-fact, it has standing to proceed in this eviction action.

**II.     Freddie Mac is entitled to summary judgment in its favor.**

Summary judgment is appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

An eviction action is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2014). A party seeking eviction after a foreclosure must demonstrate that (1) the other party remains in possession of the property; (2) the mortgage on the property has been foreclosed; (3) the statutory redemption period has expired; and (4) the party seeking eviction has the right to possess the property. Minn. Stat. § 504B.285, subd. 1(1)(ii) (2014).

Pope asserts that genuine issues of material fact preclude summary judgment. We disagree. Pope concedes the first and third elements—that he remained in possession of the property and did not exercise his rights during the redemption period. And the record demonstrates that the other statutory requirements are met. The mortgage was foreclosed

in 2010. Wells Fargo purchased the property and both acquired and recorded the sheriff's certificate of sale. *See* Minn. Stat. § 580.19 (2014) (stating that the sheriff's certificate is prima facie evidence that all legal requirements relating to the sale have been met and that the purchaser holds title in fee after the time for redemption has passed). Wells Fargo conveyed the property to Freddie Mac as demonstrated by the recorded deed. On this record, Freddie Mac demonstrated that it is entitled to an eviction judgment as a matter of law.

Pope argues that improprieties in the underlying foreclosure procedure call Freddie Mac's right to the property into question. This argument is unavailing. Pope fully litigated the specific claims he asserts here in both state and federal court; both courts dismissed them with prejudice. He is not entitled to relitigate them, particularly not in the context of this summary-eviction proceeding. *See Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950) (explaining an eviction action "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership"); *Fraser v. Fraser*, 642 N.W.2d 34, 41 (Minn. App. 2002) (holding counterclaims and defenses should only be considered if eviction action provides the "only forum" for litigating those claims); *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001) (stating that the scope of an eviction proceeding is narrow).

Moreover, even if Pope's foreclosure-related counterclaims fell within the narrow scope of this eviction action, he has failed to establish competent evidence to create a genuine issue of material fact. Aside from theorizing about an unrecorded assignment of

5

title to Freddie Mac prior to the foreclosure, Pope provides no credible, case-specific evidence to substantiate his claims. Even when viewed in the light most favorable to him, the generic Freddie Mac documents and agreements Pope cites have limited relevance and at best create only "metaphysical doubt as to a factual issue." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

**III.    Pope was not entitled to an unconditional stay of the eviction pending appeal.**

The district court stayed enforcement of the eviction judgment pending appeal pursuant to Minn. Stat. § 504B.371, subd. 3 (2014), conditioned on Pope posting monthly supersedeas bonds. If Pope wished to challenge the bond condition, he should have done so by bringing a motion to this court. *See* Minn. R. Civ. App. P. 108.02, subd. 6 (stating that on a motion under Minn. R. Civ. App. P. 127, a party may challenge the "amount of security pending appeal"). By failing to do so, Pope effectively waived his right to challenge the bond condition.

Moreover, Pope's challenge is based on the incorrect premise that he is entitled to an unconditional stay of the eviction proceedings based on *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). Under *Bjorklund*, a district court may stay pending eviction proceedings if counterclaims and defenses necessary to a "fair determination" of that proceeding are pending in a separate but related civil action. 753 N.W.2d at 318-19. The district court, in accord with *Bjorklund*, stayed this eviction proceeding until the federal and state foreclosure-related actions were concluded. When the district court subsequently granted its conditional stay of enforcement of the eviction judgment pending this appeal, no

6

arguably-related civil action was pending.  Accordingly, *Bjorklund* is not applicable.  Rather, the stay is governed by Minn. Stat. § 504B.371, subd. 2 (2014), under which parties remaining on a premises pending appeal of an eviction judgment "must" give the described bond.  *See* Minn. Stat. § 645.44, subd. 15a (2014) (stating "'[m]ust' is mandatory.").  On this record, we discern no abuse of discretion by the district court in granting a conditional stay pending appeal.

**Affirmed.**