*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1394**

U.S. Bank National Association,
as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates,
Series 2006-RP2,
Respondent,

vs.

Timothy Knoedler,
Appellant,
Candace Knoedler,
Appellant,
John Doe, et al.,
Defendants.

**Filed April 6, 2015
Affirmed
Stauber, Judge**

St. Louis County District Court
File No. 69DU-CV-14-1502

Jared D. Kemper, Dykema Gossett, P.L.L.C., Minneapolis, Minnesota (for respondent)

Timothy and Candace Knoedler, Saginaw, Minnesota (pro se appellants)

Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from summary judgment in this eviction action, pro se appellants argue that (1) the district court had subject-matter jurisdiction to hear the claims in their answer to the eviction complaint; (2) fact issues should have precluded summary judgment; and (3) they were denied their rights to due process of law. We affirm.

## FACTS

In 1989, appellants Timothy and Candace Knoedler (Knoedlers) purchased real property located at 6731 Industrial Road, Saginaw, Minnesota (the property). To finance the purchase of the property, the Knoedlers delivered to Margaretten & Company, Inc. a promissory note in the principal amount of $65,134, secured by a mortgage on the property. The mortgage was then assigned several times, culminating with the assignment to respondent U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-RP2 (U.S. Bank) in July 2007.

The Knoedlers defaulted on the mortgage, and in October 2012, U.S. Bank instituted foreclosure-by-advertisement proceedings against the property. After two failed attempts by the Knoedlers to challenge the foreclosure, the property was sold at a sheriff's sale. The Knoedlers then failed to redeem within the statutory redemption period, allowing U.S. Bank to commence this eviction action. The Knoedlers responded by challenging U.S. Bank's rights to title and possession of the property.

On July 7, 2014, U.S. Bank moved for summary judgment, requesting that the district court grant the relief sought in the eviction complaint. The district court granted

2

the motion, finding that "eviction proceedings are summary in nature, and counterclaims asserting a claim of title are not allowed." Thus, the district court concluded that "[t]o the extent [the Knoedlers] seek to use their previous objections to the foreclosure as a defense to the eviction action, this Court lacks subject matter jurisdiction to evaluate those claims." This appeal followed.

## D E C I S I O N

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from an award of summary judgment, we review de novo whether there is a genuine issue of material fact and whether the district court erred when it applied the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). We view "the evidence in the light most favorable to the party against whom summary judgment was granted." *Id.* at 76-77. An award of summary judgment will be affirmed if it can be sustained on any ground. *Winkler v. Magnuson*, 539 N.W.2d 821, 828 (Minn. App. 1995), *review denied* (Minn. Feb. 13, 1996).

An eviction action is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2014). To prevail in an eviction claim involving a mortgage foreclosure, a plaintiff must prove that (1) a foreclosure of the mortgage on the property occurred; (2) the time for redemption expired; (3) the defendant is holding over the

3

property; and (4) the plaintiff is entitled to possession of the property. *See* Minn. Stat. § 504B.285, subd. 1(a)(1) (2014).

The Knoedlers challenge the district court's determination that it did not have subject-matter jurisdiction to evaluate their claims pertaining to the validity of the foreclosure in this eviction action. The Knoedlers further argue that because errors in the mortgage assignment process invalidated the mortgage foreclosure, U.S. Bank is not entitled to present possession of the property.

We agree that the district had subject-matter jurisdiction to evaluate the Knoedlers' claims. In *Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 356-58 (Minn. App. 2006) (*REES*), this court discussed the changes that have occurred over the years in the legal landscape for landlord-tenant disputes. This court acknowledged that "[b]ecause the current limits on the scope of eviction proceedings are not based on an inability of the district court to adjudicate disputes other than the right to present possession of the premises, a tenant who challenges a landlord's title pursuant to Minn. Stat. § 504B.121 does not deprive the district court of subject-matter jurisdiction to hear the eviction proceeding." *Id.* at 358.

However, the scope of an eviction proceeding is narrow. *AMESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001). An eviction action "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties." *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). And despite this court's acknowledgment in *REES* that eviction courts have subject-matter jurisdiction to determine broader

4

questions, the court in *REES* emphasized that because eviction hearings are summary in nature, certain counterclaims, such as allegations involving title, should be handled in other forums. 720 N.W.2d 357-58 (stating that the summary nature of eviction proceedings remains even though district courts have subject-matter jurisdiction to address title-related issues); *see also Fraser v. Fraser*, 642 N.W.2d 34, 40-41 (Minn. App. 2001) ("[T]o the extent wife has the ability to litigate her equitable mortgage and other claims and defenses in alternate civil proceedings, it would be inappropriate for her to seek to do so in the eviction action."). In fact, "only if the eviction action presents the *only* forum for litigating these claims would it be appropriate for the district court to entertain them in that action." *Fraser*, 642 N.W.2d at 41 (emphasis added). Alternatively stated: That a district court hearing an eviction action *has* subject-matter jurisdiction to address questions beyond the immediate right to possession of real property does *not* mean that the district court must (or even should) *exercise* that jurisdiction. To address matters beyond the eviction itself would run afoul of both the statute's description of an eviction as a "summary court proceeding," Minn. Stat. § 504B.001, subd. 4, and the caselaw facilitating the summary nature of that proceeding by emphasizing the narrow scope of what is addressed in those proceedings. *See, e.g., Dahlberg*, 231 Minn. at 68, 42 N.W.2d at 576; *REES*, 720 N.W.2d at 357-58; *Fraser*, 642 N.W.2d at 41; *Stange*, 631 N.W.2d at 445. As a result, courts have consistently limited the scope of an eviction proceeding to a determination of the immediate right to possession of real property. *See Dahlberg*, 231 Minn. at 68, 42 N.W.2d at 576 (stating that an eviction proceeding "merely determines the right to present possession and does

5

not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties"); *see also Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014) (stating that the scope of an eviction action is limited to the question of "present possessory rights to the property," and that generally, other related claims are not litigated in an eviction action proceeding, unless they "fit within the limited scope of an eviction proceeding").

Here, by challenging, in the eviction proceeding, the foreclosure process and validity of U.S. Bank's title, the Knoedlers have attempted to improperly expand the scope of this eviction proceeding. The record reflects that the Knoedlers defaulted on their mortgage and their property was foreclosed by advertisement. The record also reflects that U.S. Bank presented the district court with the sheriff's certificate, demonstrating its entitlement to possession of the property following the redemption period. *See* Minn. Stat. § 580.19 (2014) (stating that the sheriff's certificate is prima facie evidence that all requirements of law relating to the sale have been met and that the purchaser holds title in fee after the time for redemption has passed). The Knoedlers do not dispute that the redemption period expired without redemption, nor do they dispute that they remain in possession of the property. Thus, because the four requirements to succeed in the eviction action have been satisfied, U.S. Bank has established that it is entitled to possession of the property.

The Knoedlers also contend that their "due process rights and access to equal protection under the law were denied." But the Knoedlers fail to explain how their due process and equal protection rights were violated. As U.S. Bank points out, the

6

Knoedlers' "displeasure with the outcome does not create a due-process or equal-protection issue." Therefore, the district court properly granted summary judgment in favor of U.S. Bank.

**Affirmed.**