LEWIS BURTON and another *vs.* EDWARD ROHRBECK.

May 8, 1883.

**Unlawful Detainer—Lessee against Former Lessee Holding over.**—One who, as lessee from the owner, is entitled to the possession of real property, may maintain proceedings to recover possession under the statute relating to unlawful detainers against a prior lessee of such owner holding over after the expiration of his term.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*O'Brien & Wilson,* for appellant.

*Lamprey, James & Warren,* for respondents.

DICKINSON, J. This proceeding was commenced in the municipal court of the city of St. Paul, under Gen. St. 1878, c. 84, § 11, relating to forcible entries and unlawful detainers. Judgment was rendered awarding to plaintiffs possession of the premises in question, and defendant appeals. The premises were owned by one Crawford, who had demised the same to one Eichelberger, for a term to expire on the 31st day of July, 1882. Defendant became a sublessee under Eichelberger, occupied the premises during the term of such lease, and was holding over after its expiration when this proceeding was instituted. Before the expiration of the lease, Crawford demised the premises to these plaintiffs for a term of years to commence upon the expiration of the former lease; that is, from the first day of August, 1882. The only question presented for decision is, whether these

plaintiffs, being lessees of the property, and entitled to possession as such, may enforce their right by the summary remedy given by statute?

The defendant contends that only one standing in the relation of landlord to the person proceeded against is entitled to this remedy. The statute does not so limit the remedy which it gives. Its terms are as follows: "When any person holds over any lands or tenements, after a sale thereof on an execution, judgment, or on foreclosure of a mortgage by advertisement and expiration of the time for redemption, or after the termination of the time for which they are demised or let to him, or to the person under whom he holds possession, or contrary to the conditions or covenants of the lease or agreement under which he holds, or after any rent becomes due according to the terms of such lease or agreement, or when any tenant at will holds over after the determination of any such estate by notice to quit, in all such cases *the party entitled to possession* may make complaint thereof," etc.

It is not questioned that the defendant's landlord might have instituted this proceeding, and by its means recovered the possession which was unlawfully withheld from him, and which he was under obligations, by the terms of the later lease, to deliver to the plaintiffs. But the statute is certainly sufficiently broad to give the remedy to the parties who were thus "entitled to possession." That right of possession was perfect and unconditional. It was derived from one who was not merely the owner, but who was also the defendant's landlord, and to whom, or to whose assigns, the defendant was bound by the covenants in the lease under which he held to surrender possession. By reason of such right, thus derived, the statutory remedy is made available to the plaintiffs, although, as between themselves and the defendant, there did not exist the relation of landlord and tenant. *Hildreth* v. *Conant*, 10 Met. 298. See, also, *Sacket* v. *Wheaton*, 17 Pick. 103; *Barton* v. *Learned*, 26 Vt. 192; *Ball* v. *Chadwick*, 46 Ill. 28.

Judgment affirmed.