THOMAS ADAMEK v. PLANO MANUFACTURING COMPANY.[1]

April 30, 1896.

Nos. 9986—(207).

**Speedy Trial.**

    Litigants are entitled to a speedy trial of the issues involved.

**Continuance—Engagements of Attorney—Discretion of Court.**

    *Held* that, where there are no unusual or extraordinary features in the case, the fact that an attorney is professionally engaged elsewhere, in the trial of another action, cannot be regarded as an absolute right to a postponement or continuance of the cause. Generally, the continuance of an action is discretionary with the trial court, which discretion this court will not undertake to control.

Appeal by defendant from an order of the district court for Renville county, Webber, J., denying a motion for a new trial. Affirmed.

  *M. A. Spooner* and *S. A. Flaherty,* for appellant.
  *McClelland & Tifft,* for respondent.

BUCK, J. Action to recover the value of certain personal property, which plaintiff alleges was converted by the defendant. There was a trial of the action in the district court at Olivia, the county seat of Renville county, in the month of April, 1895, and a verdict rendered in favor of the plaintiff; but, on account of an erroneous ruling of the trial judge, he set aside the verdict, and granted a new trial, on motion of the defendant.

The cause being upon the calendar of the general term of the district court commencing October 22, 1895, the defendant made application to the court to postpone the trial until October 26, or some day later in the term, or else continue the case over the term. Three affidavits were used in support of this application,— one dated October 19, 1895, made by M. A. Spooner, defendant's attorney; one by his law partner, S. A. Flaherty, dated the same day; and one by E. B. Edgar, manager of defendant's business at Minneapolis, dated October 18, 1895.

The affidavit of Spooner tended to show that he was the de-

fendant's only attorney in the case, having tried it once, and was familiar with the facts and the law bearing ·thereon, and intended trying the action again, but that he would be prevented from being present at the early part of the term, because of the fact that on October 1 the supreme court of North Dakota ordered a return to be made, and a hearing in a habeas corpus case to be had on October 21, 1895, which would occupy two or three days, in which case Spooner was the petitioner's attorney, and could not have the hearing set for a different date, and that he would necessarily be absent during the early part of the Renville county term of the district court, and that his presence at the trial of the case at bar was absolutely necessary. Flaherty's affidavit showed that he was not familiar with the facts in the case, and that he would necessarily be absent in trying other suits, in another county, during the first week in October, 1895. Edgar's affidavit was corroborative of that made by Spooner. Counter affidavits were made in behalf of the plaintiff by his attorneys, showing, among other things, that they had not received any intimation, knowledge, or notice that a continuation would be moved by the defendant; that plaintiff resided about 10 miles distant from the place of trial, at which place he was present, with three witnesses, ready for trial; and that deponent, as attorney for the plaintiff, resided 50 miles distant from the place of trial, and had attended, expecting that said cause would be reached on the second day of the term, and at all times insisted that it· should be tried when the same should be reached. Various other statements are contained in the affidavit of the plaintiff's attorney tending to show grounds upon which the application should be denied.

The court refused to continue the cause, or to pass the same until October 26, 1895; and it refused to reinstate the cause on the calendar when application was made therefor by the defendant, on October 28, 1895. When the cause was reached in its regular order on the calendar, October 23, 1895, the defendant did not appear; and, upon the evidence and proper findings, judgment was ordered in favor of the plaintiff for the sum of $300. Defendant subsequently moved for a new trial, and from an order denying the same this appeal is taken.

The material ground urged by the defendant's attorney in behalf of his motion for a new trial is an alleged abuse of discretion of the trial court in denying the defendant's motion for a continuance.

Absence of counsel on other professional business is not always of itself sufficient ground for the postponement or continuance of a cause. In the case of Brock v. South & N. A. R. Co., 65 Ala. 79, the court says: "We hold that, when a cause is regularly called for trial, the absence of counsel in another court, necessitated by conflicting professional engagements, however urgent, is not necessarily ground for a new trial, but is a matter of discretion with the lower court, which this court will not undertake to control." Several other authorities sustain this position. "It is only in cases presenting very unusual features that a continuance or postponement, for the reason that attorneys are professionally engaged elsewhere, can be claimed as a matter of right, and a denial of the application is generally sustained as an exercise of sound discretion." 4 Enc. Pl. & Prac. 841.

There are no unusual features in this case. The issues were not intricate, and could be readily and easily comprehended and understood. A local attorney was employed to make the motion for a continuance, and why he or some other competent attorney could. not have been engaged to try the case does not appear. Spooner's affidavit is dated October 19, 1895, several days prior to the commencement of the court in Renville county; and he must necessarily have known that he could not attend that court if he attended the habeas corpus case before the supreme court of North Dakota; and he made no attempt to notify the plaintiff's attorney that he desired a continuance of the cause. Relying upon the fact that the cause was regularly on the calendar, plaintiff was put to the trouble and expense of attending court, with his attorney and witnesses, without even a suggestion from Spooner that he desired a continuance. It would have been a great hardship to the plaintiff to have the cause continued. He was entitled to a speedy trial, and because Mr. Spooner was professionally engaged in earning a fee in another state did not justify him in imposing a burden upon the plaintiff, by compelling him to submit to the expense, delay, and vexation of a continuance of the cause. We

can readily understand that in many instances it would be a wise and judicious act upon the part of a trial court to continue a cause where the attorney was elsewhere professionally engaged, but the facts in this case do not present a strong and exceptional case for the application of this rule.

The trial court was fully justified, upon the facts, in saying, in the order denying the motion for a new trial, that "the issues and questions of law involved in the case were apparently simple; and, in my opinion, any competent attorney would have had ample time to acquire the necessary information, and try the case properly, in the absence of Mr. Spooner. It did not appear from the affidavits introduced on the motion for a continuance when Mr. Spooner was retained in the case in North Dakota, or in the case in Meeker county, or whether he was retained before or after he was retained in this action." Litigants are entitled to a speedy trial of the issues involved, and the frequent delays are not only vexatious and expensive, but tend to bring reproach upon judicial proceedings. The better and safer rule to adopt is that, where there are no unusual or extraordinary features in the case, the fact that an attorney is elsewhere professionally engaged in another action should not be regarded as sufficient ground, as a matter of right, for the continuance of the cause, but that, generally, such application should rest in the discretion of the trial court.

The order denying the motion for a new trial is affirmed.