JAMES E. OLSON AND ANOTHER, d.b.a. LANDFALL TERRACE, v. JACK F. BOWEN AND ANOTHER.

192 N. W. (2d) 188.

November 19, 1971—No. 42917.

*Reinhold F. Hollender,* for appellants.

*Neumeier & Kimmel* and *Richard A. Peterson,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Plaintiffs, owners of a mobile home park in the village of Landfall, leased a trailer site to defendants on an oral month-to-month basis. Plaintiffs duly served defendants on June 29, 1970, with notice to vacate the premises on or before August 1, 1970, and, upon defendants' refusal to vacate, plaintiffs initiated the statutory unlawful detainer action in Washington County Municipal Court. This appeal by defendants is from the order for restitution of the premises to plaintiffs.

The issue arises out of the court's disposition of defendants' claim that the eviction was without good cause and motivated by a desire to retaliate for defendant Jack Bowen's political activities within the

community against the plaintiffs. The trial court permitted defendants to put that claim in issue. After an evidentiary hearing, the trial court found that defendants had "failed to prove by clear and convincing evidence that the sole reason for the service of said eviction was to retaliate against [them] for acts otherwise constitutionally protected."

We are not constrained to consider defendants' basic contention that the defense of retaliatory eviction must be judicially engrafted upon the unlawful detainer statute. The statute, Minn. St. 1969, c. 566, has now been amended by the legislature itself, L. 1971, c. 240, creating a defense of retaliatory eviction in the situations stated therein. We think it sufficient to dispose of the appeal simply upon its factual posture in the municipal court.

The disposition of the matter below is in effect a finding that plaintiffs' eviction of defendants was not in fact a retaliation for any constitutionally protected activities of defendants, with the consequent implication that the eviction was for good cause. The political activities of defendant Jack Bowen within the village had covered a full year's time prior to the eviction without untoward consequences to defendants. Nonprotected intrusion of defendant Jack Bowen into the relationship of plaintiffs with another tenant admittedly occurred, however, in the month immediately preceding the eviction notice. Plaintiffs had served a notice of eviction in the middle of May on the other tenant, one William Mohlter, for nonpayment of rent and utilities, after which plaintiffs had disconnected the utilities to Mohlter's trailer. Defendant Jack Bowen furnished Mohlter with a pipefitting to reconnect the severed utility connection. Plaintiffs again disconnected the utilities, including a 220-volt line, and this time padlocked the line to prevent unauthorized reconnection. Defendant Jack Bowen then purchased a key for that lock and assisted Mohlter in again reconnecting the utility wires. It was thereafter that defendants were served with notice to vacate plaintiffs' trailer park.

Even though the court below conceivably might have found that plaintiffs were in part motivated by the political activities of defendant, a finding that plaintiffs were not motivated by the singular conduct of defendant Jack Bowen in the Mohlter affair or that the former motive predominated over the latter would be doubtful. A contrary finding, in any event, was not compelled.

Affirmed.