John M. LANZO, et al., Respondents,

v.

F & D MOTOR WORKS, Appellant.

No. C1–86–960.

Court of Appeals of Minnesota.

Nov. 25, 1986.

Lovell H. May, Jr., Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for respondents.

Karla R. Wahl, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal by F & D Motor Works (F & D) from an unlawful detainer judgment in Hennepin County Municipal Court granting a writ of restitution to respondents John and Barbara Lanzo (Lanzos). The court ruled that F & D was wrongfully holding over after receiving notice to vacate the premises. We affirm.

## FACTS

Appellant F & D has leased the property at 5371 Minnehaha Avenue South, Minneapolis, from respondents Lanzos as an automobile repair shop on an oral, month-to-month lease since July 15, 1981. On September 30, 1985, the Lanzos entered into a purchase agreement with CHO Investments (CHO) for the sale of a parcel which included the premises leased to F &

D. The closing of this sale was originally scheduled for May 1, 1986. On March 17, 1986, F & D was served a written notice to quit its tenancy on April 30, 1986. F & D held over its tenancy and the Lanzos commenced an unlawful detainer action in Hennepin County Municipal Court on May 1, 1986. The municipal court granted judgment of restitution to the Lanzos on May 27, 1986.

By its answer, F & D claimed an oral contract between it and the Lanzos, guaranteeing it a right of first refusal for the purchase of the subject property. F & D further claimed that it incurred substantial costs of improving the real estate in reliance on the alleged oral agreement of the right of first refusal. During the notice period, in an attempt to exercise its claimed oral right of first refusal, F & D tendered to the Lanzos a standard purchase agreement without tendering any downpayment. The Lanzos did not sign the agreement.

This claim caused the Lanzos on May 2, 1986 to initiate a lawsuit in the Hennepin County District Court for a determination of adverse claims pursuant to Minn.Stat. ch. 559. The Lanzos postponed the closing of the sale to CHO pending determination by the district court. At the time of this appeal, the district court action was still pending.

F & D further contended in its answer that the municipal court lacked subject matter jurisdiction to construe the respective rights of the parties under the claimed right of first refusal and therefore could not decide the question of possession. In addition, F & D claimed that the unlawful detainer proceedings were in retaliation for its claiming the right of first refusal and that the Lanzos were guilty of bad faith, fraud, misrepresentation, and breach of contract in their denial of its assertion.

On May 9, 1986, five days before the scheduled unlawful detainer hearing on May 13, counsel for F & D hand-delivered a letter to the Lanzos' counsel requesting a dismissal of the unlawful detainer proceedings. The letter also advised the Lanzos that counsel for F & D would be engaged in an extended trial in U.S. District Court and requested that the hearing on May 13 be postponed. Lanzos' counsel answered that letter on the same day, indicating that they would proceed with the unlawful detainer action, but that they would reschedule that hearing upon advice of F & D's counsel of an appropriate date. F & D claims to have hand-delivered a letter to Lanzos' counsel and to the judge's law clerk on May 12, the day before the scheduled hearing, which requested that the hearing be rescheduled for June 11, 12, or 13. Lanzos' counsel claims he received the letter after the hearing.

The court heard the unlawful detainer action on May 13, 1986. At the trial, Earl Sharpe, part owner of F & D, specifically admitted to the court that the parties had no formal written lease, that F & D had received a notice to vacate, and that it was holding over the occupancy of the premises.

Sharpe gave the judge and Lanzos' counsel a copy of the May 12 letter requesting a continuance of the hearing, but no formal motion was made. A continuance was not granted, thereby causing him to be unrepresented by counsel at the hearing.

In reviewing the answer interposed by F & D, the trial court concluded that there was no basis whereby, under the claimed oral right of first refusal, F & D could retain possession. A writ of restitution was ordered, but stayed upon agreement until May 27, 1986.

## ISSUES

1. Did the municipal court lack subject matter jurisdiction to determine possession in the unlawful detainer proceeding?

2. Did the municipal court err in not considering F & D's alleged oral right of first refusal to purchase Lanzos' property before determining possession?

3. Did the municipal court err in failing to grant a jury trial in the unlawful detainer action?

4. Did the municipal court err in recognizing Lanzos' standing to bring the unlawful detainer action?

5. Did the municipal court err in failing to grant a continuance based on the unavailability of F & D's counsel?

## ANALYSIS

F & D argues the trial court erred in each of the five issues.

1. In Minnesota, the municipal court has subject matter jurisdiction to decide possession.

> [T]he * * * municipal court has jurisdiction over actions of forcible entry and unlawful detainer, whether involving title to real estate or not * * *. An unlawful detainer action *merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties.*

*Dahlberg v. Young,* 231 Minn. 60, 67–68, 42 N.W.2d 570, 576 (1950) (emphasis added).

2. Defenses to unlawful detainer actions are set forth in Minn.Stat. § 566.03, subd. 2 as follows:

> Subd. 2. It shall be a defense to an action for recovery of premises following the alleged termination of a tenancy by notice to quit for the defendant to prove by a fair preponderance of the evidence that:
>
> (1) The alleged termination was intended in whole or part as a penalty for the defendant's good faith attempt to secure or enforce rights under a lease or contract, oral or written, or under the laws of the state, any of its governmental subdivisions, or of the United States; or
>
> (2) The alleged termination was intended in whole or part as a penalty for the defendant's good faith report to a governmental authority of the plaintiff's vio-

lation of any health, safety, housing or building codes or ordinances.

Minn.Stat. § 566.03, subd. 2(1)–(2) (1984). F & D did not raise either of these defenses in its answer or in its brief.

F & D does claim, however, that the trial court should have considered its oral right of first refusal to purchase Lanzos' property before determining possession. Its claim has no legal merit. The district court, having equitable jurisdiction, must determine the validity of the alleged contract right.[1] *See Gallagher v. Moffet,* 233 Minn. 330, 333, 46 N.W.2d 792, 793 (1951). Unlawful detainer actions only determine present possession, and do not bar future equitable proceedings. *See Dahlberg,* 231 Minn. at 68, 42 N.W.2d at 576. Furthermore, the case of *William Weisman Holding Co. v. Miller,* 152 Minn. 330, 332, 188 N.W. 732, 733 (1922), established that the pendency of an equitable action in the district court does not bar an action in the municipal court regarding possession. The court added that

> [o]f course the court in which the equitable action is pending may enjoin the prosecution of the unlawful detainer action if it be shown that the equitable rights of the defendant in that action are such that he ought not to be ousted from possession.

*Id.* Since the Lanzos initiated an action in the district court to determine the validity of F & D's alleged right of first refusal, the district court is the proper avenue for relief.

3. Minn.Stat. § 566.07 provides the following rule regarding jury trials in unlawful detainer actions:

> After the return of the summons, at the time and place appointed therein, if the defendant appear, he may answer the complaint, and all matters in excuse, justification, or avoidance of the allegations thereof shall be set up in the answer;

---

**1.** Both parties argue the statute of frauds. The Lanzos claim that the alleged agreement is barred because it was not in writing, while F & D claims that its partial performance of the contract by improving the property and tender-

ing a purchase agreement took the agreement out of the statute of frauds. These claims, however, are more properly decided in the pending district court action.

and thereupon the court shall hear and determine the action, unless it shall adjourn the trial as provided in section 566.-08, but *either party may demand a trial by jury.* The proceedings in such action shall be the same as in other civil actions, except as in this chapter otherwise provided.

Minn.Stat. § 566.07 (1984) (emphasis added). F & D did not demand a jury trial; therefore, it was waived. Under the record before us, however, even if F & D had demanded a jury trial, no issues of fact existed for jury determination. The only fact issues concerned the alleged right of first refusal, which is not relevant to a summary action for possession. Therefore, a jury trial would have been inappropriate in this case.

■ 4. F & D further claims that the Lanzos lacked standing to bring the unlawful detainer action. In *Burton v. Rohrbeck*, 30 Minn. 393, 394, 15 N.W. 678, 679 (1883), the court established that plaintiffs in an unlawful detainer action must either own or otherwise be entitled to possession of the property in question in order to have standing. In its answer, F & D did not clearly allege that the Lanzos lacked standing to bring this action. The Lanzos, however, demonstrated that the sale to CHO was put on hold pending the district court action. Accordingly, the Lanzos had standing.

■ 5. Finally, the trial court's refusal to grant a continuance did not deprive F & D of effective representation of counsel. Even though no motion for continuance was made, F & D argues that the trial court's failure to grant a continuance forced Earl Sharpe, part owner of F & D, to represent himself at the unlawful detainer proceeding. The granting of a continuance is within the trial court's discretion, however, and will not be reversed absent a clear abuse of discretion. *E.g., Weise v. Commissioner of Public Safety,* 370 N.W.2d 676, 678 (Minn.Ct.App.1985). The test for abuse of discretion is whether a denial of a continuance would prejudice the outcome of the trial. *Id.*

[T]he fact that an attorney is elsewhere professionally engaged in another action should not be regarded as sufficient ground, as a matter of right, for the continuance of the cause, but that, generally, such application should rest in the discretion of the trial court.

*Adamek v. Plano Manufacturing Co.,* 64 Minn. 304, 307, 66 N.W. 981, 982 (1896).

If counsel for F & D had been present, the outcome of the trial would not have been any different. In this type of action, "all matters in excuse, justification, or avoidance of the allegations thereof shall be set up on the answer," Minn. Stat. § 566.07. F & D's counsel did not present any valid defenses to the unlawful detainer action in her answer. Accordingly, F & D was not prejudiced by lack of counsel.

### DECISION

The municipal court did not err in ordering a writ of restitution in favor of the Lanzos.

Affirmed.