**UNITY INVESTORS LIMITED PARTNERSHIP, Respondent,**

v.

**Larry W. LINDBERG, Appellant.**

No. C4–87–2387.

Court of Appeals of Minnesota.

April 12, 1988.

Michael Boo, Minneapolis, for respondent.

Jeffrey H. Olson, Thiel, Sorenson, Thiel, Campbell and Gunderson, Minneapolis, for appellant.

Heard, considered, and decided by CRIPPEN, P.J., and SCHULTZ and FLEMING, JJ.*

## OPINION

FLEMING, Judge.

After appellant tenant attempted to renew his commercial lease, the landlord contended the lease had not been renewed and the tenant was holding over under a month-to-month tenancy. The trial court found the tenant was unlawfully detaining the premises, and the tenant appeals.

## FACTS

Since 1982 appellant Larry W. Lindberg has operated a pharmacy in a building space leased to him by respondent. On June 23, 1982, the parties executed an agreement by which respondent permitted appellant to assume the existing 1976 lease. Appellant was given the right to renew the lease after its December 31, 1986 expiration upon the following terms:

Tenant shall be entitled to a renewal of that lease for a period of five (5) years upon either of the following terms at Tenant's option:

(a) upon the same lease form as entered into by the most recent physician tenant or the lease form contemplated to be used for renewing physician tenants within six (6) months of this Tenant's expiration date, with the amount of rental based upon a square foot analysis being 125% of the square footage rental price for that physician tenant; or

(b) upon the same lease form as entered into between the Landlord and any commercial tenant in the building which lease has or will be entered into

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

within six (6) months of the expiration date of this Tenant's lease with the rental value per square foot being the same.

Appellant gave proper notice of his intention to renew the lease prior to December 31, 1986. After that date, respondent and appellant, through their attorneys, engaged in correspondence which discussed the terms of the continued lease.

In January 1987, respondent's attorney, Michael Boo, sent to appellant's attorney, Jeffrey Olson, a copy of a lease between respondent and a physician group. The lease was the type described in section (a) of the agreement. Respondent's counsel explained that no existing lease met the description of section (b). Thus, appellant no longer had a choice of leases for renewal. The letter also established the rent appellant would pay under the new lease, and modified the lease terms as to the purpose for which the pharmacy could be used.

On February 20, Boo wrote to Olson requesting payment of late rent and also stating that Boo was drafting a new Lease Agreement for appellant

> consistent with his exercise of his option to extend the term of his tenancy for an additional five years. This Lease will contain modification of the use clause consistent with my previous correspondence on this subject.

On April 10, Boo sent the proposed lease to Olson, stating that by sending it respondent landlord considered itself to be in full compliance with its obligations under the option agreement. The lease contained terms different from the first physician's lease sent to appellant. Boo stated that assuming the lease was acceptable to appellant, he was requested to sign the copies and return them to Boo. The enclosed lease specified rent of $1,198.83 per month.

On April 22, 1987, Olson wrote to Boo enclosing two checks for rent due, in the amount of $1,198.83 each, pursuant to the letter of April 10. Olson also stated he was reviewing the proposed lease and would get back to Boo regarding any dispute on the terms or execution.

On May 19, Olson wrote to Boo stating appellant reviewed the proposed lease and stating that in the purpose or use section snack food items and pop must be included, this apparently in response to Boo's attempt to modify the purpose or use section of the existing lease.

Finally, on June 17, Boo wrote directly to appellant notifying him that respondent was terminating the leasehold effective July 31, 1987, and revoking any outstanding offers to enter into a lease agreement. In the letter Boo stated that appellant was a month-to-month tenant because he had failed to properly renew the lease after it expired December 31, 1986 and was therefore holding over.

On June 19 Olson responded, stating he did not understand Boo's letter because appellant "under the terms of his lease has properly renewed that lease for a five-year period beginning January 1, 1987." Olson stated further that respondent's letters all confirm the renewal of the lease for five years and provide the escalation of the rent as required by the new lease. He emphasized that appellant paid the escalated rent amount since January, and respondent accepted those amounts. Olson stated appellant does not have a month-to-month lease but a five year lease, and has no intention of terminating it.

Olson sent another letter to Boo on June 22, responding to Boo's statement that no five year lease was made because appellant had not signed the proposed lease. Olson stated that there was no need for a new lease to be executed because the renewal goes back to the original 1976 lease with addendums.

> The only lease that would be appropriate * * * would be a lease containing the language of this original lease and addendums. Any terms that would be different from this would be a change in the terms of the lease which has been renewed. There is nothing that states that a new lease must be signed in order to have the renewal be effective.

Secondly, Olson stated appellant was willing to execute the proposed lease with the

exception of the terms which are different from the original 1976 lease. Appellant wanted the clause as to the use of the pharmacy to be the same as in the original lease, and would not accept the more limited use clause respondent included in the proposed lease.

Appellant continued to pay rent in the escalated amount until the action was heard in September 1987.

Respondent brought an unlawful detainer action. The trial court denied appellant's motion for directed verdict and rendered judgment for respondent in unlawful detainer. The court found that the parties' intent expressed in the June 23 agreement was to sign a new lease rather than extend the original lease, to continue the tenancy. Because no new lease was executed, the court held the tenant was unlawfully detaining the premises; the tenant appeals.

## ISSUE

Did the parties renew or extend the lease by the tenant's timely notice?

## ANALYSIS

Appellant argues that the original lease was renewed for five more years, until December 31, 1991, by his timely notice of exercising the renewal option. Respondent contends that the lease was not renewed simply by notice; that a new written lease was required to continue the lease; that because appellant never signed and returned the new written lease to respondent the tenancy became month to month after the expiration of the original lease on December 31, 1986; and that the parties agreed to a rent increase after that but not to a renewal.

The legal distinction between an extension and a renewal of a lease is that an extension merely continues the original lease, while a renewal requires a new lease. *Med–Care Associates, Inc. v. Noot,* 329 N.W.2d 549, 551 (Minn.1983). If any contractual terms for the additional period must be negotiated or determined, the statute of frauds requires a new lease, and the new period is a renewal. *Id.* If the lease

can be continued by the party holding the option merely on timely notice or on some other condition, no new lease is required, and the option is an extension. *Id.*

Here, the lease and its addendum agreement provided for renewal according to the terms of either option (a) or option (b), at the option of the tenant. At the time lease was to expire, only option (a) existed. Therefore, it was clear that the landlord's obligation, upon notice of renewal, was only to present a lease with the same terms as the existing lease, subject only to such modification as specified by option (a). Respondent, the landlord, did not do so but instead presented a new lease with different terms in its purpose clause.

No negotiations were required. The terms for renewal were definite and certain by reference to the original lease and the modification provided by option (a). The tenant at all times was ready and able to sign a new lease that conformed to the parties' agreement.

The parties may very well have intended a new lease to be entered. They also intended the lease to be presented by the landlord to be in accord with the written agreement they had made.

## DECISION

We hold that the lease was extended according to the terms of the existing lease, subject to being modified as provided by option (a). The only interest appellant claimed in the unlawful detainer proceeding was the right to present possession, to which he was entitled. He was not seeking equitable relief. *Cf. Lanzo v. F & D Motor Works,* 396 N.W.2d 631, 634 (Minn.Ct.App. 1986) (in unlawful detainer proceeding court lacked jurisdiction to consider holdover tenant's claim of right of first refusal for purchase of subject property).

Reversed.