Paul J. PHELPS and Todd M. Phelps, Co–Trustees of The Boulder Shore Trust dated September 5, 2000, Appellants,

v.

STATE of Minnesota, Trustee for Cass County, Minnesota, taxing district, et al., Respondents.

No. A12–0934.

Court of Appeals of Minnesota.

Nov. 19, 2012.

Paul J. Phelps, Sawicki & Phelps, P.A., Inver Grove Heights, MN, for appellants.

Christopher J. Strandlie, Cass County Attorney, Barbara J. Harrington, Assis-

tant Cass County Attorney, Walker, MN, for respondents.

Considered and decided by PETERSON, Presiding Judge; BJORKMAN, Judge; and CLEARY, Judge.

## OPINION

CLEARY, Judge.

In this title dispute, respondents moved for frivolous-litigation sanctions against appellants under Minn. R. Gen. Pract. 9.01. Respondents did not make a motion for summary judgment before or during the hearing on their motion for sanctions. After a hearing on respondents' rule 9 motion, the district court issued an order construing respondents' answer to include a statute-of-limitations defense, denying sanctions, and granting respondents summary judgment based on the statute of limitations. Because the order granting summary judgment addressed issues in the underlying action that should have been stayed pursuant to rule 9, the district court failed to comply with the procedural requirements of rule 9. Appellants were prejudiced by a lack of sufficient notice and a meaningful opportunity to oppose summary judgment. We reverse and remand.

## FACTS

In October 2011, appellants Todd and Paul Phelps, appearing as co-trustees of the Boulder Shore Trust, filed and served a complaint against respondents, the State of Minnesota and Cass County. Appellants asserted that the trust owned, through adverse possession, certain tax-forfeited land.

Respondents' timely-filed answer was submitted on a form containing a list of affirmative defenses with corresponding checkboxes. Although "[s]tatute of limita-

tions" was an option on the list, the only checkbox marked was that which corresponded to the affirmative defense of "[o]ther." Respondents asserted that a non-exclusive easement given in 2008 by the county to Todd Phelps and his wife was legally binding on the trust and therefore defeated appellants' adverse-possession claim.

On January 24, 2012, respondents served appellants with a notice of motion and motion for security or sanctions pursuant to Minn. R. Gen. Pract. 9.01. Appellants did not withdraw or amend their complaint in response to respondents' motion. On February 15, 2012, respondents filed their rule 9 frivolous-litigation motion in the district court. Respondents' memorandum of law in support of their motion asserted that appellants' adverse-possession claim was frivolous for two reasons: (1) appellants could not meet their burden of establishing the elements of adverse possession on behalf of the trust, and (2) the claim was barred by the statute of limitations provided at Minn.Stat. § 284.28, subds. 2, 5(i) (2010). Both of these reasons turned, in part, on whether the 2008 easement was legally binding on the trust. At this time, the trust documents were not in the record.

Appellants filed a memorandum opposing the rule 9 motion. They argued that, if respondents believed that the adverse-possession claim was barred by a statute of limitations, they should have asserted that defense in their answer and that, because respondents did not do so, they waived the defense. Appellants also argued that, if respondents had a factual or legal argument opposing the adverse-possession claim, they should have identified those arguments in the rule 9 motion or filed a motion for summary judgment, which respondents did not do. To refute respondents' assertion that the adverse-

possession claim was frivolous, appellants' memorandum referred to evidence that they planned to present at trial to establish their adverse-possession claim.

On March 14, 2012, the parties appeared for a hearing on respondents' rule 9 motion. Respondents argued that they had not waived the statute-of-limitations defense. They explained that their "primary response" in their answer was that appellants could not prove adverse possession and that a statute-of-limitations defense was not included in their answer "because the lawsuit seemed so frivolous that we simply didn't spend much more time addressing it." Respondents further argued that they had not waived the statute-of-limitations defense because they raised the defense in their rule 9 motion. Respondents explained the reasons they thought appellants would be unable to establish the adverse-possession claim and concluded their remarks by requesting both sanctions and security "if this case goes forward." At no time did respondents, either orally or in writing, move for summary judgment.

At the same rule 9 motion hearing, appellants reiterated the arguments found in their responsive memorandum and emphasized that, if respondents felt so strongly about the statute-of-limitations defense, they "should have literally checked the box in their answer.... They failed to do so." Appellants also suggested that, if respondents believed that appellants could not establish adverse possession, "they simply could have brought a ... motion for summary judgment," which "[t]hey failed to do." Appellants then explained how they would attempt to establish their adverse-possession claim and concluded by asking the court to deny the rule 9 motion for

sanctions so that the case could proceed and the merits of the case could be reached.

On April 3, 2012, the district court issued its findings of fact, conclusions of law, and order for judgment and judgment. In the order, the district court declined to award sanctions or security. It cited Minn. R. Civ. P. 8.06, which allows courts to liberally construe pleadings, and concluded that respondents' "failure to raise the statute of limitations in their answer is not fatal to the statute-of-limitations defense raised in the motion for summary judgment." Relying on the limitations period provided at Minn.Stat. § 284.28, subd. 5(i), the district court found that the 2008 easement was binding on the trust and that, as a result, appellants were precluded from claiming adverse possession of the tax-forfeited land at issue. The district court concluded that appellants' adverse-possession claim was barred by the statute of limitations and granted "[respondents'] motion for summary judgment."

This appeal followed.

## ISSUE

Did the district court properly grant summary judgment sua sponte when the only matter before it was a motion for sanctions or security under Minn. R. Gen. Pract. 9.01?

## ANALYSIS

■ Appellants argue that frivolous-litigation motions pursuant to Minn. R. Gen. Pract. 9.01–.07 stay the underlying proceedings and that the district court was therefore without authority to sua sponte order summary judgment.[1] Because the rule 9 motion was the only motion before

1. The record shows that respondents never moved for summary judgment. Both parties frame their arguments to this court in terms of whether the district court properly exercised its authority to sua sponte grant summary judgment.

the district court, appellants argue that they were without notice and unable to meaningfully oppose summary judgment. We agree.

Minn. R. Gen. Pract. 9.01–.07 addresses frivolous litigation and allows the district court to sanction frivolous litigants. A "[f]rivolous litigant" includes a "person who institutes and maintains a claim that is not well grounded in fact and not warranted by existing law ... or that is interposed for any improper purpose" such as to harass, cause delay, or increase costs. Minn. R. Gen. Pract. 9.06(b)(3). When determining whether to require security or impose sanctions on a frivolous litigant, a district court is to consider several factors, including whether there is a reasonable probability that the frivolous litigant will prevail on his or her claim. Minn. R. Gen. Pract. 9.02(b)(2).

Minn. R. Gen. Pract. 9.01–.07 contains procedural requirements with which the parties and district court must comply. *See Szarzynski v. Szarzynski*, 732 N.W.2d 285, 294–95 (Minn.App.2007) (reversing and remanding an award of rule 9 sanctions because neither the moving party nor the district court followed the procedural requirements of rule 9). Motions to designate and sanction frivolous litigants must be made separate from other requests for relief, and the motion cannot be filed unless, within 21 days after the motion is served, the allegedly offending claim, motion, or request is not withdrawn or properly corrected. Minn. R. Gen. Pract. 9.01; *cf.* Minn. R. Civ. P. 11.03(a)(1) (reciting a similar rule). "No determination or ruling made by the court upon [a rule 9 motion] shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof." Minn. R. Gen. Pract. 9.02(d). Further, when a rule 9 motion is filed before trial commences, "the action or proceeding is stayed and the moving party need not plead or respond to discovery or motions, until 10 days after the motion is denied." Minn. R. Gen. Pract. 9.04.

Here, by sua sponte granting summary judgment after the hearing on respondents' motion for rule 9 sanctions against appellants, the district court failed to comply with the procedural requirements of rule 9. Specifically, the district court did not comply with the portion of rule 9.04 that requires that the district court stay the non-rule 9 aspects of the case. Rule 9.02(d) specifically provides that no ruling on a rule 9 motion can be a determination of an issue in the underlying action. The record shows that the trust documents were not yet in evidence, and whether the 2008 easement legally bound the trust and thereby defeated any adverse-possession claim was still at issue.

We do not intend to severely limit a district court's authority to sua sponte order summary judgment. A district court's authority to order summary judgment on its own motion stems from its "inherent power ... to dispose summarily of litigation when there remains no genuine issue as to any material fact" and judgment should be ordered as a matter of law. *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975). But where, as here, a party can show that a district court's exercise of this inherent power resulted in "prejudice from lack of notice or other procedural irregularities," or that the party "was not afforded a meaningful opportunity to oppose summary judgment, the court's judicious exercise of its inherent power" is inappropriate and cannot be sustained. *Fed. Land Bank of St. Paul v. Obermoller*, 429 N.W.2d 251, 255 (Minn.App.1988), *review denied* (Minn. Oct. 26, 1988).

The district court's exercise of its authority under the circumstances of this

case not only violated the requirements of rule 9, but it also prejudiced appellants. First, appellants were without adequate notice that the district court was considering summary judgment. Appellants repeatedly emphasized to the district court that respondents had not moved for summary judgment, and respondents never argued that they had made a motion for summary judgment. Second, because a rule 9 motion stays the underlying action, discovery and other matters are limited until the motion is ruled upon. Appellants were unable to submit the trust documents or any other evidence, and consequently they were not allowed a "meaningful opportunity" to defend against summary judgment. *See id.* The fact that the parties' briefing and arguments addressed some of the merits of appellants' adverse-possession claim is insufficient for us to conclude that appellants were not prejudiced; these arguments were made only to the extent necessary to avoid sanctions or a requirement of security by addressing whether there was a reasonable probability that appellants would prevail on their claim.

We reverse and remand because the district court did not comply with the requirements of rule 9. We therefore decline to reach the issue of whether the district court abused its discretion when it construed respondents' answer to include a statute-of-limitations defense.

## DECISION

Minn. R. Gen. Pract. 9.01–.07 provides a detailed framework for addressing suspected frivolous litigation. It imposes specific procedural requirements on both the parties and the district court. While the court may require the furnishing of security or impose other conditions on a litigant, no determination or ruling made by the court upon a rule 9 motion "shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof." Minn. R. Gen. Pract. 9.02(d). Here, the district court exceeded its authority by determining the merits of the litigation as it granted summary judgment sua sponte on a rule 9 motion, thereby prejudicing appellants who were without notice that a dispositive remedy was being sought or considered and who were consequently unable to meaningfully defend against such a result.

**Reversed and remanded.**